1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  TERRANCE EVANS,                              No.  2:16-cv-01094-TLN-AC

12              Plaintiff,

13       v.                                      **ORDER DENYING PLAINTIFF'S
                                                 MOTION TO REMAND AND REQUEST**
14  FCA US LLC, a Delaware Limited               **FOR ATTORNEYS' FEES**
    Liability Company,
15
                Defendant.
16

17

18          This matter is before the Court on Plaintiff Terrance Evans' ("Plaintiff") Motion to

19  Remand and Request for Attorneys' Fees.  (ECF No. 6.)  Defendant FCA US LLC ("Defendant")

20  opposes the motion.  (ECF No. 9.)  Plaintiff filed a reply and objections to the evidence presented

21  in Defendant's opposition.  (ECF Nos. 12 & 13.)  Having carefully considered the parties'

22  briefing and for the reasons set forth below, the Court hereby DENIES Plaintiff's Motion to

23  Remand and Request for Attorneys' Fees (ECF No. 6).

24  ///

25  ///

26  ///

27  ///

28
                                            1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Plaintiff purchased a new 2012 Dodge Durango ("Vehicle") from Defendant. (ECF No. 6 at 3.)  Plaintiff filed this action in San Joaquin County Superior Court asserting three causes of action, fraudulent concealment and breaches of express and implied warranties under the Song-Beverly Consumer Warranty Act, California Civil Code § 1790 *et seq*. (the "Song-Beverly Act").  (ECF No. 1-1 at 3–4.)  Defendant removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a).  (ECF No. 1 at 1.)  Plaintiff moves for remand, arguing: (i) Defendant has not established, on the face of the notice for removal, that the amount in controversy exceeds $75,000 when properly calculated, and (ii) Plaintiff's claims involve significant issues of public policy and statutory interpretation best resolved by California courts.  (ECF No. 6 at 3.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal from state court to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Federal district courts have original jurisdiction over state law civil actions between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of costs and interests.  28 U.S.C. § 1332(a)(1).

A plaintiff may move to remand, challenging the defendant's removal of an action to federal court.  28 U.S.C. § 1447.  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

///

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

**III.   ANALYSIS**

Plaintiff argues Defendant failed to establish subject matter jurisdiction because Defendant has not established that the amount in controversy exceeds $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (ECF No. 6 at 5.) Plaintiff also argues that even if the Court has jurisdiction to hear this case, it should "veto" exercise of that jurisdiction and remand the case to state court based on concerns of comity. (ECF No. 6 at 12.) Defendant contends that the damages, penalties, and attorney's fees in this case exceed $75,000 and that for the Court to abstain from exercising jurisdiction because the claim in the case is a state law claim would "eviscerate" diversity jurisdiction. (ECF No. 1 at 3 ¶ 9; ECF No. 9 at 4, 12.)

A.   Amount in Controversy

Defendant estimates the damages in this case as "at the very least $110,829.33" and "approximately $147,507.00." (ECF No. 1 at 3 ¶ 9; ECF No. 9 at 11.) Plaintiff does not allege the total dollar amount sought. Plaintiff argues that in calculating its estimate, Defendant improperly relies on the total purchase price of the Vehicle, improperly includes charges related to financing the vehicle, and does not properly calculate the applicable offset for Plaintiff's use of the Vehicle. (ECF No. 6 at 7–11.)

The removing party bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of costs and interest, where it is unclear on the face of the complaint. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The amount in controversy is determined as of the date of removal. *Flores v. FCA US LLC*, 2017 WL 3725930, at *3 (E.D. Cal. Aug. 30, 2017) (citing *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998)). The court may consider facts in the

removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "[T]he defendant may rely on 'reasonable assumptions underlying the defendant's theory of damages exposure.'" *Garcia v. FCA US LLC*, 2016 WL 4445337, at *2 (E.D. Cal. Aug. 24, 2016) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015))

Plaintiff seeks, among other items, "restitution of all monies expended," "civil penalty in the amount of two times Plaintiff's actual damages," and "reasonable attorney fees." (ECF No. 1-1 at 29–30.) The Song-Beverly Act provides for restitution "equal to the actual price paid or payable by the buyer,…including any collateral charges," CAL. CIV. CODE §1793.2(d)(2)(B), reduced by the amount of use attributable to the buyer before the buyer first delivered the vehicle to the manufacturer to fix the non-conformity, CAL. CIV. CODE §1793.2(d)(2)(C). Additionally, the act provides for a civil penalty "up to two times the amount of actual damages," CAL. CIV. CODE §1794(c), and reasonable attorneys' fees to the prevailing buyer, CAL. CIV. CODE §1794(e).

*i.    Damages*

Defendant calculates the amount paid using the sales contract Plaintiff attached to his complaint. (ECF No. 1 at 3 ¶ 9; ECF No. 1-1 at 31–34.) The sales contract shows Plaintiff purchased the Vehicle with $15,000 down, $21,460.95 financed, $12,768.08 in financing charges, for a total of $49,169.69. (ECF No. 1-1 at 32.) Defendant calculates the amount Plaintiff would have paid to the date Defendant filed its opposition as $15,000 down plus $474.57 per month each month from the start of the contract on October 29, 2011, through June 29, 2016, or $27,050.49 in monthly payments. The amount paid and payable by the buyer would be those amounts — $15,000 plus $27,050.49 which equals $42,050.49 — plus remaining principal. Calculating only to the removal date two months earlier reduces the amount paid by up to two monthly $474.57 payments, to $26,101.35. Added to the $15,000 down, the total paid to the removal date becomes $41,101.35. Plaintiff may also recover collateral charges, such as sales tax and fees, which Defendant has not included in its calculation, so the Court finds Defendant's use of the cash price and financing charges to be a conservative estimate of the price paid or payable by Plaintiff. *Johnson v. FCA US LLC*, 2017 WL 2705430, * 3 (S.D. Cal. June 23, 2017).

Plaintiff argues Defendant's inclusion of interest charges and finance charges in the amount in controversy is improper under 28 U.S.C § 1332(b). (ECF No. 6 at 11.) Plaintiff, however, seeks restitution for violations of the Song-Beverly Act of "all monies expended." (ECF No. 1-1 at 29), and the Song-Beverly Act makes finance charges recoverable, so it is appropriate to include finance charges in the amount in controversy. *Johnson*, 2017 WL 2705430 * 3 n.3 (stating the price paid by the buyer includes any paid finance charges); *See Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 38–39 (Cal. Ct. App. 2000). The Court notes that the use of the Vehicle's cash price alone, $15,000 down payment plus $21,460.95 in principal owed for a total cash price of $36,460.95, when trebled exceeds the jurisdictional requirement. *Id.*

To complete the calculation, the Vehicle's purchase price must be reduced by Plaintiff's use of the Vehicle before he first delivered it to the manufacturer to repair the non-conformity. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1007 (N.D. Cal. Jan. 12, 2002). To determine the amount attributable to a buyer's use of a vehicle, multiply the price of the vehicle paid or payable by the buyer by a fraction. CAL. CIV. CODE § 1793.2(d)(2)(C). The fraction is determined by dividing the number of miles the buyer drove the car prior to the first attempt to repair the non-conformity by 120,000. CAL. CIV. CODE § 1793.2(d)(2)(C).

The sales contract shows the Vehicle had 8 miles on the odometer at the time of purchase. (ECF No. 1-1 at 32.) Defendant notes Plaintiff alleges he delivered the Vehicle for repair related to the check engine light being on, which Plaintiff alleges was a symptom of the non-conformity, on June 12, 2012. (ECF No. 9 at 9) (citing ECF No. 1-1 ¶¶ 12, 93.) Defendant provides a June 12, 2012, repair order from Stockton Dodge Chrysler Jeep Ram, and accompanying declaration of Defendant's counsel, Aaron M. Brian, showing 14,583 miles on the odometer on that date.[1] (ECF No. 9 at 9–10; ECF No. 9-1 at 1–3, Brian Decl., ECF No. 9-1 at 70–71, Exh. 4.) The miles Plaintiff used were 14,583 miles minus 8 miles for a total of 14,575 miles used. That number of miles used, 14,575, divided by 120,000 equals 0.121458. Multiplying 0.121458 by the lowest

---

[1] Plaintiff objects based on lack of foundation, hearsay, relevancy and that it was not presented in the removal notice, and cites to the Federal Rules of Evidence for support. (ECF Nos. 12 at 7–8; 13.) "[I]n ruling on a motion to remand courts may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists, including summary judgement type evidence. *Lawernce v. FCA US LLC*, 2016 WL 5921059, at * 1 n.1 (C.D. Cal. Oct. 11, 2016); *Johnson v. Sunrise Senior Living*, 2016 WL 917888, at * 4. (C.D. Cal. Mar. 8, 2016).

estimate of price paid or payable, the cash price of $36,450.95, yields a mileage offset of $4,428.47. Applying that mileage offset amount of $4,428.47 to the cash price of $36,450.95 reduces Plaintiff's potential damages to $32,022.48.

### ii. Civil Penalties

Plaintiff also seeks civil penalties of two times Plaintiff's actual damages, (ECF No. 1-1 at 29), a penalty provided by the Song-Beverly Act if a buyer establishes the defendant willfully failed to comply, CAL. CIV. CODE §1794(c). Doubling the lowest estimate of Plaintiff's actual damages, $32,022.48, results in an estimate of a potential civil penalty of $64,044.96. That estimate of the potential civil penalty added to the estimate of actual damages results in a potential award of $96,067.44, well in excess of the jurisdictional requirement of $75,000.

### iii. Attorneys' Fees

Additionally, Plaintiff asks for reasonable attorneys' fees and costs, (ECF No. 1-1 at 30), which is permitted to prevailing buyers under the Song-Beverly Act, CAL. CIV. CODE §1794(d)–(e)(1). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Neither party presents evidence of potential fees, but those fees would only add to the amount in controversy.

Defendant has shown, by a preponderance of the evidence, the amount in controversy exceeds $75,000. The parties do not dispute complete diversity exists between them. Accordingly, the Court has subject matter jurisdiction over this case.

### B. Comity

Alternatively, Plaintiff asks this Court to remand based on principles of comity. (ECF No. 6 at 12–13.) Plaintiff argues this action "requires consideration of numerous state-specific issues on sensitive, uniquely state-law issues of regulation and statutory interpretation" and argues "[i]t is not the business of the federal courts to decide California's motor vehicle sale regulations." (ECF No. 6 at 13.) Plaintiff adds "[t]he federal courts have enough to do" and urges that "even if the Court believes it has jurisdiction, it should decline to exercise it here and remand this action back to State Court." (ECF No. 6 at 13.)

"[F]ederal courts generally do not have discretion to decline to exercise original subject matter jurisdiction." *Petropolous v. FCA US LLC*, 2017 WL 2889303, *6 (S.D. Cal. July 7, 2017). Rather, "[t]hey have a 'virtually unflagging obligation…to exercise the jurisdiction given to them.'" *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Plaintiff seems to confuse diversity jurisdiction with supplemental jurisdiction. "The diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over the state law claims." *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring). Plaintiff's only citation to authority for this argument is to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005), (ECF No. 6 at 12), which deals with federal question under 28 U.S.C. § 1331, not diversity jurisdiction under 28 U.S.C. § 1332, and the instant case was removed pursuant to diversity jurisdiction under § 1332. The Court will not remand this case based on principles of comity. Accordingly, the Court DENIES Plaintiff's Motion to Remand.

C.     Request for Attorneys' Fees Related to Removal

Plaintiff seeks "$975.00 attorney's fees and expenses incurred as a result of removal." (ECF No. 6 at 14.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This Court has determined Defendant's removal was proper. Accordingly, the Court DENIES Plaintiff's Request for Attorneys' Fees.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand and Request for Attorneys' Fees (ECF No. 6).

IT IS SO ORDERED.

Dated: April 24, 2018

_____
Troy L. Nunley
United States District Judge