UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA EVANS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US, LLC,<br><br>　　　　　Defendant. | No. 2:16-cv-01094-TLN-AC<br><br>**ORDER** |

     This matter is before the Court on Plaintiff Lisa Evans's ("Plaintiff") Motion for Costs and Expenses (ECF No. 56) and Motion for Attorney's Fees (ECF No. 57). Defendant FCA US, LLC ("Defendant") opposes both motions. (ECF Nos. 58, 59.) Plaintiff filed replies. (ECF Nos. 61, 63.) For the reasons set forth below, the Court GRANTS Plaintiff's motions.

///
///
//
///
///
///
///
///

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

In 2011, Plaintiff purchased a new 2012 Dodge Durango from Defendant. (ECF No. 1-1 at 4.) On April 21, 2016, Plaintiff filed this action in state court asserting claims for fraudulent concealment and breaches of express and implied warranties related to the vehicle under the Song-Beverly Consumer Warranty Act, California Civil Code § 1790 (the "Song-Beverly Act"). (*Id.*) Defendant subsequently removed the case to this Court based on diversity jurisdiction. (ECF No. 1 at 1.) On August 3, 2020, the parties filed a joint notice of settlement. (ECF No. 51.) Pursuant to the parties' stipulation, the Court dismissed the case on October 5, 2020. (ECF No. 54.) On December 4, 2020, Plaintiff filed a motion for attorney's fees and motion for costs. (ECF Nos. 56,57.) The Court first will address the motion for attorney's fees and then the motion for costs.[1]

II.     **ATTORNEY'S FEES**

    A.     <u>Standard of Law</u>

District courts follow the forum state's law for awarding attorney's fees when exercising diversity jurisdiction over state law claims. *Close v. Sotheby's Inc.*, 909 F.3d 1204, 1208 (9th Cir. 2018). Federal Rule of Civil Procedure ("Rule") 54(d)(2) merely sets the procedure for claiming attorney's fees. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). Accordingly, California Civil Code § 1794(d) ("§ 1794(d)"), the fee provision of the Song-Beverly Act, governs here. That section provides that the prevailing party shall be allowed to recover attorney's fees "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

The "lodestar method" is the primary method for determining the reasonableness of an attorney's fee request under the Song-Beverly Act. *Ketchum v. Moses*, 24 Cal. App. 4th 1122, 1132 (2001). Pursuant to that method, the Court first calculates the lodestar: "the number of

---

[1]     Each party objects to evidence presented by the other in support of or in opposition to the pending motions. The Court has considered these boilerplate evidentiary objections and, to the extent that the Court relies on any such objected-to evidence, those objections are OVERRULED.

hours reasonably expended multiplied by the reasonable hourly rate." *Ctr. for Bio. Diversity v. Cnty. of San Bernardino*, 188 Cal. App. 4th 603, 616 (2010), *as modified* (Oct. 18, 2010). "Generally, the reasonable hourly rate used for the lodestar calculation is that prevailing in the community for similar work." *Id.* The Court may then increase or decrease the lodestar by applying a multiplier based on factors such as "the novelty and difficulty of the issues, the attorneys' skill in presenting the issues, the extent to which the case precluded the attorneys from accepting other work, and the contingent nature of the work." *Id.* The party seeking attorney's fees bears the burden of proving that its requested fees are reasonable. *Id.*

### B. Analysis

Plaintiff seeks $40,230 in attorney's fees, plus a lodestar enhancement of $20,115 based on a .5 multiplier. (ECF No. 57-1 at 8.) The Court will address the hours expended, hourly rates, and request for multiplier in turn.

#### i. Hours Expended

Plaintiff's counsel's billing records indicate that eleven attorneys expended a total of 120.3 hours on this litigation. (ECF No. 57-2 at 31.) In opposition, Defendant argues the number of hours billed is unreasonable and unsupported by the evidence. (ECF No. 60 at 11.) For the most part, Defendant makes broad arguments, including that this was a run-of-the-mill lemon law case and Plaintiff's counsel overstaffed the attorneys working on this action. (*Id.* at 13.)

The Court has reviewed the time sheets supplied by Plaintiff in detail and finds the time billed to be reasonable. The Court is not persuaded that the mere fact that Plaintiff's counsel assigned eleven attorneys to complete various tasks unreasonably inflated the billed hours. Notably, associates with lower hourly rates billed most of the work in this case rather than partners, and it appears the attorneys spent a reasonable amount of time doing distinct tasks. (*See* ECF No. 57-2 at 31.) Defendant fails to make convincing arguments or cite evidence that any specific billed entry was duplicative, unreasonable, or unnecessary. *See Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564 (2008) (stating that "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated" are not sufficient to satisfy the challenging party's burden).

The only exception is the one hour included in Plaintiff's total that was "anticipated" to be billed for preparing for and attending a hearing on the instant motions. (ECF No. 57-2 at 31.) The Court submitted the matter without a hearing. (ECF No. 62.) Therefore, the Court strikes the hour billed for the cancelled hearing from the fee award, reducing the award by $275. *See, e.g.*, *Johnson v. Yates*, No. 2:14-cv-1189-TLN-EFB, 2017 WL 3438737, at *2 (E.D. Cal. Aug. 10, 2017) (striking hours billed for a hearing that was not held).

*ii.     Hourly Rates*

Plaintiff's counsel's billing records indicate that the eleven attorneys who worked on the case charged hourly rates between $225 and $550 per hour. (ECF No. 57-2 at 31.) Plaintiff submits the declaration of Steve Mikhov, which asserts each attorney's rate was reasonable based on their respective background and experience, the rates charged by other attorneys in California, and decision by other district courts in similar circumstances. (*Id.* at 7–23.) In opposition, Defendant argues "Plaintiff fails to offer any admissible evidence to support her claim for exorbitant hourly rates." (ECF No. 60 at 16.)

The Court disagrees with Defendant. The fee applicant has the burden of producing satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). The forum district generally represents the relevant legal community. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Fee applicants may provide affidavits of practitioners from the same forum with similar experience to establish the reasonableness of the hourly rate sought. *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000). Decisions by other courts regarding the reasonableness of the rate sought may also provide evidence to support a finding of reasonableness. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998) (holding that a rate set by the district court based, in part, on the rate awarded to same attorney in another case, was reasonable). Finally, the Court may draw on its own experience in determining what constitutes a reasonable rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

///

The Court finds Plaintiff has provided sufficient evidence as to the reasonableness of the requested hourly rates. However, the Court will align the rates for certain attorneys with rates found to be reasonable in the following recent, well-reasoned similar Eastern District of California cases that addressed the issue at depth: *Martinez v. Ford Motor Co.*, No. 1:18-CV-01607-NONE-JLT, 2021 WL 3129601, at *6 (E.D. Cal. July 23, 2021) (awarding Steve Mikhov $500 per hour and Kristina Stephenson-Cheang $350 per hour); *Heffington v. FCA US LLC*, No. 2:17-CV-00317-DAD-JLT, 2020 WL 5017610, at *8 (E.D. Cal. Aug. 25, 2020) (same); *Celestine v. FCA US LLC*, No. 2:17-CV-0597-JLT, 2019 WL 4274092, at *13 (E.D. Cal. Sept. 10, 2019) (reducing Russell Higgin's rate to $300 based on billing rates in Fresno); *Self v. FCA US LLC*, No. 1:17-CV-01107-SKO, 2019 WL 1994459, at *9 (E.D. Cal. May 6, 2019) (reducing Diane Hernandez's rate to $300 based on billing rates in Fresno). The Court will also reduce Chris Urner's hourly rate to $325 based on a discrepancy between Mikhov's declaration (stating Urner's rate is $325) and the billing records (stating Urner's rate is $400). (ECF No. 57-2 at 9, 31.) For those attorneys not evaluated in any of the foregoing matters, the Court has examined the requested hourly rates and finds those rates to be reasonable based on their experience, the other hourly rates awarded here, and other awards in California.

        *iii.*  *Lodestar Calculation*

Based on the hours and hourly rates that the court has determined are reasonable in this matter, the lodestar here totals **$36,935**. The Court's calculations are reflected below:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| Alastair Hamblin | 7.1 | $325 | $2,307.5 |
| Amy Morse | 6.4 | $350 | $2,240 |
| Chris Urner | 8.1 | $325 | $2,632.5 |
| Deepak Devabose | 19.5 | $275 | $5,362.5 |
| Daniel Kalinowski | 17.3 | $250 | $4,325 |
| Diane Hernandez | 7.5 | $350 | $2,625 |
| George Semaan | 13.5 | $225 | $3,037.5 |

| Kristina Stephenson-Cheang | 14.4 | $350 | $5,040 |
|---|---|---|---|
| Marisa Melero | 3.8 | $225 | $855 |
| Russell Higgins | 15.6 | $350 | $5,460 |
| Steve Mikhov | 6.1 | $500 | $3,050 |
|  |  |  | **$36,935** |

       *iv. Multiplier*

    Plaintiff's counsel requests an enhancement of a 0.5 multiplier based on the following factors: (1) the risks posed by litigation; (2) Defendant's delay in payment; and (3) the results obtained on behalf of Plaintiff. (ECF No. 57-1 at 21.) The lodestar may be adjusted based on additional considerations, including the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Nonetheless, a "strong presumption" exists that the lodestar figure represents a "reasonable fee" and should be enhanced only in "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Defendant objects and asserts this case calls for a negative multiplier. (ECF No. 60 at 22.)

    No upward-or downward-adjustments of the above amount is necessary. While Plaintiff's counsel did obtain a positive result, that result is not "exceptional" nor is it borne out of "exceptional effort[s]" by counsel. *Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 582 (2004). This case similarly did not present any novel or difficult issues and, in this Court's opinion, was not high risk. Moreover, while Plaintiff's counsel faced some delay in receiving payment for work performed, to some extent that delay was of their own making. The ultimate recovery for the Plaintiff was only marginally better than Defendant's original settlement offer, and Plaintiff and her lawyers could have accepted that offer and prevented much of the subsequent litigation. Thus, the lodestar value represents the fair market value of this particular action. *See Ketchum*, 24 Cal. App. 4th at 1132.

    Accordingly, the Court GRANTS Plaintiff's Motion for Attorney's Fees in the reduced amount of $36,935.

6

### III. Costs

Plaintiff seeks costs and expenses in the amount of $14,155.31. (ECF No. 56-1 at 2.) Defendant objects to Plaintiff's request because those costs and expenses are not recoverable under federal law. (ECF No. 59.) As a threshold matter, the parties disagree about whether Rule 54(d) or § 1794(d) controls in these circumstances.

Recovery of prevailing party costs in federal district court is generally considered a question of procedure governed by Rule 54(d)(1), even in diversity cases. *Champion Produce Inc., v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). The Supreme Court has explained that 28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). However, the California Legislature has demonstrated a special interest in permitting prevailing Song-Beverly Act plaintiffs to recover costs and expenses under § 1794(d). *Forouzan v. BMW of N. Am., LLC*, 390 F.3d 1184, 1187 (C.D. Cal. 2019) (citing *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049 (9th Cir. 2003)). While "[t]here appears to be a growing split in authority at the district court level" as to whether Rule 54(d) or § 1794(d) applies in similar cases, "[i]t is not necessary for the [C]ourt to revisit this issue here because defendant has consented to § 1794(d) as the controlling statute concerning costs based on the parties' settlement agreement." *Martinez v. Ford Motor Co.*, No. 1:18-CV-01607-NONE-JLT, 2021 WL 3129601, at *10 (E.D. Cal. July 23, 2021); (ECF No. 57-2 at 101; ECF No. 59-3 at 2). The Court therefore follows the well-reasoned decisions applying § 1794(d) rather than Rule 54(d) for the purposes of the instant case.

Section 1794(d) defines the amount in costs and expenses that may be recovered as "a sum equal to the aggregate amount of costs and expenses . . . determined by the court to have been *reasonably incurred* by the buyer in connection with the commencement and prosecution of such action." Cal. Civil Code § 1794(d) (emphasis added). Recoverable under § 1794(d) are costs and expenses such as expert witness fees and filing fees. *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995).

The Court rejects Defendant's challenges to the extent they are based on the position that Plaintiff is limited to the costs available under 28 U.S.C. § 1920. The Court also rejects

1  Defendant's specific challenges to Plaintiff's costs, which the Court finds to be supported by

2  evidence and reasonably incurred in connection with the prosecution of this action.  *See* Cal. Civ.

3  Code § 1794(d); *see Heffington*, 2020 WL 5017610, at *12.  In particular, the Court declines to

4  exclude the costs associated with Plaintiff's expert witnesses.  Although the Court ultimately

5  concluded that certain opinions of Plaintiff's expert witnesses did not satisfy *Daubert* and Rule

6  702 (ECF No. 48), Plaintiff produced expert reports and had a "colorable basis" for offering those

7  opinions.  *Base v. FCA US LLC*, No. 17-CV-01532-JCS, 2020 WL 363006, at *7 (N.D. Cal. Jan.

8  22, 2020).

9       Accordingly, the Court GRANTS Plaintiff's Motion for Costs and Expenses in the

10 amount of $14,155.31.

11   **IV.  CONCLUSION**

12       For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Costs and Expenses

13 (ECF No. 56) and Motion for Attorney Fees (ECF No. 57).  Plaintiff is awarded $36,935 in

14 attorney's fees and $14,155.31 in costs and expenses, for a total award of $51,090.31.

15       IT IS SO ORDERED.

16 DATED:  March 21, 2022

                                     Troy L. Nunley
                                     United States District Judge